In the Matter of the Claim of NICHOLAS CRETELLA, Respondent, against NEW YORK DOCK COMPANY, Employer and Self-Insurer, Appellant.

THE SPECIAL FUND FOR REOPENED CASES, Respondent; STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 7, 1942.

*James F. Fouhy* [*Francis R. Holmes,* of counsel], for the appellant.

*Samuel Israel,* for the claimant-respondent.

*John M. Cullen,* for the Special Funds Conservation Committee, respondent.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

SCHENCK, J. Claimant was injured on January 31, 1928, while in the employ of the appellant herein, a self-insurer. He was paid workmen's compensation upon a weekly basis until January 3, 1930. At that time a lump sum settlement was ordered by the Industrial Commissioner in the sum of $3,000, in addition to payments already made and medical bills.

On January 27, 1934, claimant's attorney made application to reopen the case, which was granted by the Industrial Board on March 6, 1934. The ground for the reopening of the case which had been " closed " four years before was that claimant's condition had changed so that he now was totally disabled. A further hearing before a referee was had. In the course of that hearing there was considerable conflict between medical witnesses as to the causal relation between the 1928 accident and the claimant's present condition. It did appear, however, to be the consensus of the medical exports involved that regardless of the cause of the condition, a substantial lump sum settlement of the claim might well prove a beneficial therapeutic treatment.

Accordingly, and in view of the further fact that there was at least some question as to what the decision of the referee might be, a $3,300 lump sum settlement was agreed upon. Of this

amount, $810 was paid to claimant through the bureau of rehabilitation. The balance was ordered paid at the rate of twelve dollars per week, after deducting counsel fees. The settlement was approved and the case was closed over the signature of the then Industrial Commissioner, under date of September 17, 1934. Before the hearing was closed the settlement was presented to the claimant who directly and specifically acquiesced therein. At that time, furthermore, it was conceded that claimant was totally disabled and the settlement was upon that basis and in specific consideration of that fact. The case was again " closed " at that time.

Thereafter, in August, 1938, after the twelve dollars per week payments had ceased because of exhaustion of the balance of the settlement fund, another application was made to reopen the case. The application was at first denied but was finally granted. A third hearing was then had before a referee who in a memorandum dated September 7, 1939, decided that the 1934 settlement was not in the " interest of justice " and should accordingly be set aside. This referee then not only directed compensation payments to be renewed upon the original (1928) basis, but also ordered an additional lump sum to be paid representing the difference between the 1928 basis and the twelve dollars per week which had been paid between 1934 and 1939. The order entered upon this decision was affirmed by the Industrial Board.

I think the decision in question and decisions and orders of affirmance should be reversed and the proceeding dismissed. The Workmen's Compensation Law gives great latitude to the Industrial Board and its referees. This latitude, however, does not extend to the making of awards without basis and in contravention of settlements since the making of which no changes have occurred in degree of disability of claimants. Here, the approved 1934 settlement was based upon total disability. In 1939, the total disability still existed. There was no change in that respect. It is impossible for me to see how the " interest of justice " requires the making of new awards. To the contrary, some sanctity should be given to a final settlement based upon a " total " condition, acquiesced in by all concerned and approved by the Industrial Commissioner. The nature of the disability is neurological. It was neurological in 1934 as well as in 1939. Both times disability was permanent. The 1934 award upon this basis was intended to be final. It should be sustained as such.

There can be no inference from the record that there was a changed neurological condition in the claimant. This cannot be inferred from the 1939 referee's decision as that referee did not

even have the record of the 1934 proceeding before her, for the reason that the minutes thereof had not been transcribed at that time. There was, therefore, even aside from the conceded total disability of claimant in both 1934 and 1939, no basis for a finding of a changed physical or mental condition.

The decision and award appealed from should be reversed and the matter remitted to the State Industrial Board for its determination as to whether or not any award should be made against the Special Fund for Reopened Cases.

CRAPSER and FOSTER, JJ., concur; HILL, P. J., and BLISS, J., dissent on the ground that under subdivision 6-a of section 15, the Board had power and jurisdiction to open and reconsider the earlier award on the ground that it was erroneous and not in the interest of justice. The records clearly show that the claimant is totally and permanently disabled.

Decision and award appealed from reversed and claim dismissed as against the employer-self-insurer and the matter remitted to the State Industrial Board for its determination as to whether or not any award should be made against the Special Fund for Reopened Cases.